The opinion of the Court was delivered by
JohnsoN, J.
In considering the first ground of- this motion, it will be necessary to premise that the testator devised to John A. S. Ashe and Harriet Ashe, each, a lot of land in Charleston, which, on their deaths, are limited over to their -children, respectively, and in the event of their dying without children, over to others, and to John A. S. Ashe he bequeaths $ 10,000, and to Harriet §15,000, to enable them to build houses on their respective lots so devised.
. 1. These legatees are disinclined to invest these legacies in buildings on the lots, because they believe • they may be other *382 wise more profitably invested for themselves, particularly in the case of Harriet Ashe, on whose lot there is already a comfortable house, rendered still more so by extensive repairs made by herself; and the question is, whether they are bound to invest the legacies in buildings on their lots.
I concur entirely with the Chancellor, for the very satisfactory reasons he has given, that the testator intended that the remainder-men, or ulterior legatees, should derive a benefit from the pecuniary legacies. He unquestionably contemplated that the houses to be built would go over with the lots to those entitled in remainder. But it is equally clear, that he intended, also, that the immediate legatees should derive a benefit from them, in the use and occupation of the houses, or the rents and profits. But the thing given is money, and although we are bound to give effect to the intention of the testator, I cannot perceive what violence is done to his intention, by permitting the legatee to use the thing given, in the manner most agreeable and profitable to himself, if ulterior objects and interests are not affected by it. and, more especially, if there is a reasonable probability that these objects and interests will be promoted.
The. immediate legatees are not bound to accept the legacies, and if they should refuse to do so, the executors must keep the fund for those in remainder. Those in remainder are not entitled to the accruing interest, because that benefit was intended by the testator for the immediate legatees, and if they refuse to accept, the interest must sink into the residuum of the estate. There is, therefore, no injury done to those in remainder by permitting the immediate legatees to enjoy the income; and that course is more consonant to the intention of the testator.
The great probability is, too, that the interest of those in remainder will be promoted by it. Suppose the buildings erected, as contemplated by the testator. The chances are perhaps equal, whether their value will appreciate or depreciate. If there is any difference, the probability is in favor of depreciation. The old proverb, that “ fools build houses, and wise, men live in them,” is verified every day by the fact, that build *383 ings, when they change hands, very rarely pay the cost of their erection. Besides that, the remainder-man must bear the inevitable decay from time, and is constantly exposed to entire loss from fire and other casualties, and if he was in being, and could speak, I have no hesitation in saying, that if he consulted his own interest, he would prefer to have the pecuniary legacy secured to him after the termination of the life estate, rather than have it invested in buildings. This can be conveniently done by investing it in stock, or lending it out on'good security, and, as I think, most profitably for those in remainder, and thus substantially give effect to the intention of the testator, most beneficially to all concerned.
2. John A. S. Ashe was appointed and qualified as" one of the executors of the will, and the question made in another ground arises out of the following clause of the will, viz., “As to the share remaining to my said daughter, Eliza,” (Mrs. Livingston,) “ I give and bequeath that to my said son, John, and to his executors and administrators, upon the trust hereinafter immediately expressed — that is to say, as to any property, to the use of which my said daughter shall be entitled, under any of the preceding dispositions of this my will,” the testator directs that the annual income shall be paid over for the joint benefit of his said daughter and her children, during her life, and at her death, the property and money capital to be divided amongst her children; and the question is, whether, by qualifying as executor, John A. S. Ashe has accepted, and is bound to execute the trust.
In a strictly legal and technical sense, this is -a legacy to John A. S. Ashe, coupled with a trust, rvhich he is not bound to accept, nor is his having qualified as executor conclusive of his election to accept. If a legacy be left to an executor, and he qualify, I apprehend there is no doubt he may, notwithstanding, say, I will discharge my duty as executor, but will not accept the legacy, but leave it for the benefit of the residuary legatee. It is obvious, too, that the testator himself regarded the execution of this trust as no part of the duty of his execu *384 tors — he has confided it to John A. S. Ashe alone, and not jointly to his executors. But I have not been able to see how this question has arisen, nor of what importance it is, for if J. A. S. Ashe will not accept the special trust, as executor, jointly with the others, he is bound to execute it, precisely in the same manner that he would have been, if a stranger bad been nominated and refused to accept — so that the result is pretty much the same, and I presume that is what the Chancellor meant, in saying he was bound to execute the trust.
It is, therefore, ordered and decreed, that the decree of the Circuit Court be modified, so far as it is inconsistent with this decree; and it is further ordered and decreed, that the defendants, the executors of the said John Ashe, do invest the said legacies of $10,000 to the said John A. S. Ashe, and $15,000 to Harriet Ashe, in bank stock, or such other public securities as the Master shall approve, and that the said John A. S. Ashe and Harriet be entitled to receive the dividends on the said stock, in which their said legacies are to be so invested, during their natural lives, and that the capital of the said stock stand to the credit of those entitled in remainder, according to the principles of this decree.
O’Neall, J., concurred.

Decree modified.